# IN THE OREGON TAX COURT

## HARDING
*v.*
## DEPARTMENT OF REVENUE
(TC 2351)

Plaintiff appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 29, 1985.

**CARL N. BYERS, Judge.**

This case is before the court on defendant's motion to dismiss plaintiff's complaint on the grounds that plaintiff failed to perfect his appeal within the statutory time period.

The file in this case reveals that the Department of Revenue order was dated July 3, 1985. ORS 305.560 requires the appealing party to file "an original and one certified copy of a complaint with the Clerk of the Oregon Tax Court at its principal office at Salem, Oregon, within 60 days" of the date of the order. In this case the 60th day fell on September 2, 1985, which was Labor Day, a legal holiday. Thus the taxpayer had until September 3, 1985, to file his complaint in the court.

Plaintiff, who is not a lawyer, sent a letter to the court dated August 30, 1985, which was received by the court on September 3, 1985. However, plaintiff's letter could not be

accepted by the court as a complaint. Also, no filing fee or copy of the order of the Department of Revenue accompanied plaintiff's letter. Accordingly, the clerk of the court notified plaintiff that, while the court had received his letter, in order to appeal he must file a complaint with the court. In response to that notice, plaintiff did file a complaint which was received by the court September 11, 1985, eight days after the statutory appeal period expired.

The regular recurrence of this pattern causes the court to want to shout "danger" to those who wait until the end of an appeal period before filing. Even though lawyers are well aware of such dangers, sometimes they too fall from the cliffs of procrastination. Laymen, who are usually ignorant of the law and without the basic resources to educate themselves, suffer the greatest casualties. This case is a classic example.

If a party waits until the last day to file an appeal, such party has no time in which to correct or cover a deficiency in the appeal. The risk of such an occurrence is so great that reason would indicate that an appeal should be filed as soon as possible. The practice of waiting until the last minute baffles the court. Of course, it is always possible that the opposing counsel may not raise the defense of the statute of limitations but to rely upon such is foolish.

In this case the court has no alternative but to grant defendant's motion. Now, therefore, it is hereby

ORDERED that plaintiff's complaint be dismissed with prejudice.